BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
rreynolds@bwslaw.com
Rafael R. Garcia-Salgado, Bar No. 283230
rgarcia@bwslaw.com
1851 East First Street
Suite 1550
Santa Ana, CA 92705-4067
Telephone: 949.863.3363
Facsimile: 949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re | Case No. 18-52245-MEH |
|---|---|
| CECILIA P. MANGAOANG, | Chapter Number: 13 |
| Debtor, | **SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN** |
| | Date: February 26, 2019<br>Time: 10:00 a.m.<br>Ctrm: 3020 |

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby objects (the "Objection") to the Debtor's proposed First Amended Chapter 13 Plan [Docket No. 66] (the "Plan") in the above-referenced matter. This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing. In support of its Objection, Trinity respectfully states as follows:

I.  **INTRODUCTION**

Trinity requests that the Court deny confirmation of the Debtor's Plan [Docket No. 66] (the "Plan"), as it is patently unconfirmable. In November 2018, the foreclosure trustee on the subject property completed a foreclosure sale and recorded a Trustee's Deed Upon Sale in favor of Trinity. Therefore, the Debtor may not attempt to strip Trinity's lien in this bankruptcy filing,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4817-1433-3573 v1
06836-0146

- 1 -    OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Case: 18-52245    Doc# 80    Filed: 01/17/19    Entered: 01/17/19 15:34:44    Page 1 of 10

as the lien has been extinguished. For the reasons set forth herein, the Court should deny confirmation of the Plan and dismiss this case.

## II. STATEMENT OF FACTS

### A. Trinity's Lien

1. Trinity's claim was evidenced by a Note signed by Debtor Cecilia Mangaoang and dated January 9, 2007, in the original principal sum of $131,000.00 (the "Note"). A true and correct copy of the Note is attached as Exhibit 1 to Trinity's Objection to the original Chapter 13 Plan [Docket No. 43]. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

2. The Note was secured by a second deed of trust (the "Deed of Trust") encumbering the real property commonly known as 2901 Capewood Lane, San Jose, CA 95132 (the "Property"). A true and correct copy of the Note is attached as Exhibit 2 to Trinity's Objection to the original Chapter 13 Plan [Docket No. 43]. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

3. The Note was previously assigned to Newport Beach Holdings, LLC ("NBH") and subsequently to Trinity. Trinity, directly or through an agent, is in possession of the original promissory note. A copy of the assignments is attached as Exhibit 3 to Trinity's Objection to the original Chapter 13 Plan [Docket No. 43]. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

### B. The 2009 Case

1. On March 11, 2009, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 09-51662 (the "2009 Case") [2009 Case Docket No. 1]. This was an incomplete filing, and on March 12, 2009, the Court issued its Order to File Required Documents and Notice Regarding Dismissal [2009 Case Docket No. 4].

2. On March 12, 2009, the Court issued its Order Providing for Dismissal for Failure to File Chapter 13 Plan [2009 Case Docket No. 5].

3. The Debtor failed to file the required documents, and on March 31, 2009 the Court issued its Order and Notice of Dismissal for Failure to Comply [2009 Case Docket No. 14].

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4817-1433-3573 v1
06836-0146

- 2 -

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Case: 18-52245   Doc# 80   Filed: 01/17/19   Entered: 01/17/19 15:34:44   Page 2 of 10

**C.  The 2016 Case**

4. The Debtor defaulted under the terms of the Note and Deed of Trust. On September 9, 2016, a Notice of Default and Election to Sell was recorded in Santa Clara County, Instrument No. 2342666.

5. On December 8, 2016, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 16-53447-SLJ [2016 Case Docket No. 1]. This was an incomplete filing, and on December 9, 2016, the Court issued its Order to File Required Documents and Notice Regarding Dismissal [2016 Case Docket No. 4].

6. The Debtor failed to file the required documents, and on December 23, 2016, the Court issued its Order and Notice of Dismissal [2016 Case Docket No. 8].

**D.  The 2017 Case**

7. On January 31, 2017, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 17-50208-SLJ [2017 Case Docket No 1].

8. On January 31, 2017, the Debtor filed her Chapter 13 Plan [2017 Case Docket No. 6], and the Confirmation Hearing was scheduled for April 4, 2017 [2017 Case Docket No. 8].

9. On February 14, 2017, the Debtor filed a Declaration and Motion to Extend the Automatic Stay [2017 Case Docket Nos. 11 and 13].

10. On March 2, 2017, the Court issued its Order on the Motion to Extend or Impose Stay [2017 Case Docket No. 15].

11. On March 17, 2017, NBH filed its Objection to Confirmation of Plan [2017 Case Docket No. 19].

12. On May 2, 2017, Senior Lienholder, Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee, for the benefit of registered holders of Structured Asset Mortgage Investments II Trust 2007-AR3, Mortgage Pass-Through Certificates ("Wilmington") filed its Objection to Confirmation of the Chapter 13 Plan [2017 Case Docket No. 26].

13. On August 4, 2017, the Debtor filed her Amended Chapter 13 Plan [2017 Case Docket No. 30].

14. On September 1, 2017, NBH filed its Objection to Confirmation of the First

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4817-1433-3573 v1
06836-0146

- 3 -    OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Case: 18-52245    Doc# 80    Filed: 01/17/19    Entered: 01/17/19 15:34:44    Page 3 of 10

Amended Plan [2017 Case Docket No. 32].

15. On September 12, 2017, the office of the Chapter 13 Trustee filed its Amended Objection to Confirmation of the Chapter 13 Plan [2017 Case Docket No. 34].

16. On September 13, 2017, the Chapter 13 Trustee's office filed its Motion to Dismiss Pre-Confirmation Pursuant to 11 U.S.C. Sec. 1307(c) (the "Motion to Dismiss") [2017 Case Docket No. 35].

17. On September 28, 2017, the Debtor filed her Third Amended Chapter 13 Plan [2017 Case Docket No. 37].

18. On September 28, 2017, the Debtor filed her Amended Schedules I and J [2017 Case Docket No. 38].

19. On November 17, 2017, Wilmington filed its Notice of Hearing and Motion for Relief from the Automatic Stay [2017 Case Docket Nos. 43 and 44].

20. On January 11, 2018, the Court issued its Order Granting Wilmington's Motion for Relief from the Automatic Stay [2017 Case Docket No. 49].

21. On January 25, 2018, the Court entered its Order on the Trustee's Motion to Dismiss (the "Dismissal Order") [2017 Case Docket No. 52]. Pursuant to the terms of the Dismissal Order, the Debtor was required to confirm a Chapter 13 plan by March 22, 2018, or the clerk was to dismiss the case.

22. On February 13, 2018, the Debtor filed her Third Amended Chapter 13 Plan [2017 Case Docket No. 53] and her Amended Schedules I and J [2017 Case Docket No. 54].

23. On February 27, 2018, Wilmington filed its Objection to Confirmation of the Plan [2017 Case No. 57], as the Debtor had placed Wilmington's first lien in her plan after Wilmington had already obtained its Order Granting Relief from the Automatic Stay.

24. On March 7, 2018, NBH filed its Objection to Confirmation of the Third Amended Plan [2017 Case Docket No. 58].

25. On March 19, 2018, the Debtor filed her Ex Parte Motion to Extend Time [2017 Case Docket No. 62].

26. On March 20, 2018, NBH filed its Brief/Memorandum in Opposition to the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4817-1433-3573 v1
06836-0146

- 4 -

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Case: 18-52245   Doc# 80   Filed: 01/17/19   Entered: 01/17/19 15:34:44   Page 4 of 10

Debtor's Motion to Extend Time [2017 Case No. 63].

27. On March 22, 2018, the Court issued its Order on the Debtor's Motion to Extend Time, extending the deadline for the Debtor to confirm a plan from March 22, 2018 to April 26, 2018 [2017 Docket No. 67].

28. On April 27, 2018, the Court issued another order extending the confirmation deadline [2017 Case Docket No. 71].

29. On May 7, 2018, the Trustee filed her Fourth Amended Objection to Confirmation of Chapter 13 Plan [2017 Case Docket No. 72].

30. On May 16, 2018, Wilmington filed its Supplemental Memorandum of Points and Authorities in Support of Objection to Confirmation of Third Amended Chapter 13 Plan [2017 Case Docket No. 73].

31. On May 17, 2018, the Debtor filed her Brief/Memorandum in support of plan confirmation [2017 Case Docket No. 74].

32. On May 23, 2018, NBH filed its Response in Opposition to Debtor's Status Statement and Brief re Confirmation [2017 Case Docket No. 75].

33. On May 31, 2018, the Court issued its Order and Notice of Dismissal for Failure to Comply [2017 Case Docket No. 71].

**E.     2018 Case**

34. On September 6, 2018, a Notice of Sale was recorded in Santa Clara County, Instrument No. 24018268, with the foreclosure sale of the subject property scheduled for October 5, 2018.

35. On October 4, 2018, just one day prior to the scheduled foreclosure sale, the Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 18-52245-MEH [Docket No 1].

36. Once again, the Debtor filed an incomplete filing, and on October 5, 2018, the Court issued its Order to file Required Documents and Notice of Automatic Dismissal [Docket No. 6].

37. On October 17, 2018, the Debtor filed her original Chapter 13 Plan [Docket No.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4817-1433-3573 v1
06836-0146

- 5 -     OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Case: 18-52245   Doc# 80   Filed: 01/17/19   Entered: 01/17/19 15:34:44   Page 5 of 10

22].

38. On October 18, 2018, the Debtor filed her Motion to Extend Automatic Stay [Docket No. 24].

39. On October 24, 2018, NBH filed its Opposition to the Motion to Extend Automatic Stay [Docket No. 28].

40. On November 2, 2018, the Court issued its Order Denying the Motion to Extend Automatic Stay [Docket No. 31].

41. On November 5, 2018, as there was no automatic stay in effect, the foreclosure trustee for the subject property completed its foreclosure sale on the subject property. A true and correct copy of the Trustee's Deed Upon Sale in favor of Trinity is attached as <u>Exhibit 4</u> to Trinity's Objection to the original Chapter 13 Plan [Docket No. 43]. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

42. On November 15, 2018, the Chapter 13 Trustee filed her Objection to Confirmation of the Chapter 13 Plan [Docket No. 37].

43. On November 20, 2018, Trinity filed its Objection to Confirmation of the Chapter 13 Plan [Docket No. 43].

44. On December 4, 2018, the Chapter 13 Trustee filed her Motion to Dismiss Chapter 13 Case for Failure to Make First Plan Payment [Docket No. 50].

45. On December 28, 2018, Trinity filed its Joinder to the Trustee's Motion to Dismiss [Docket No. 53].

46. On January 3, 2019, the Chapter 13 Trustee filed her First Amended Objection to Confirmation of Chapter 13 Plan [Docket No. 59].

47. On January 7, 2019, the Debtor filed her First Amended Chapter 13 Plan.

**III.   <u>ARGUMENT</u>**

48. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4817-1433-3573 v1
06836-0146

- 6 -

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Case: 18-52245   Doc# 80   Filed: 01/17/19   Entered: 01/17/19 15:34:44   Page 6 of 10

this burden.

### A. The Plan is Obsolete

49. The foreclosure sale for the subject property was held on November 5, 2018. The trustee recorded a Trustee's Deed Upon Sale in favor of Trinity. As Trinity's second lien was extinguished and Trinity now holds title to the Property, the Debtor may not include Trinity's lien in the proposed Plan, nor may the Debtor attempt to avoid the lien.

50. Here, the Plan is illegal and obsolete because the Debtor still lists Trinity in Class 2 of the Plan. As Trinity's lien is now extinguished and the Debtor no longer holds title to the subject property, she may not strip Trinity's lien.

### B. The Plan is Not Proposed in Good Faith

51. Bankruptcy Code section 1325(a)(3) requires that a plan be filed in good faith. 'Good faith' is not statutorily defined and must be determined on a case-by-case basis and on the totality of the circumstances and the particular features of each chapter 13 plan. *In re Padilla,* 213 B.R. 349, 352 (9th Cir. B.A.P. 1997) (citing *In re Goeb,* 675 F.2d 1386 (9th Cir. 1982)). 'The burden of establishing good faith is on the debtor.'" *In re Thornhill*, 268 B.R. 570, 572 (Bankr. E.D. Cal. 2001) (quoting *In re Warren,* 89 B.R. 87 (9th Cir. BAP 1988)).

52. The Plan is not proposed in good faith because this case was clearly filed solely to prevent one secured creditor's enforcement of its lien rights. The Debtor filed this fourth serial petition after the dismissal of her third case earlier this year in order to enjoin once again Trinity's enforcement of its deeply delinquent loan. This is textbook bad faith. *See In re Leavitt*, 209 B.R. 935, 940 (B.A.P. 9th Cir. 1997), *aff'd*, 171 F.3d 1219 (9th Cir. 1999) ("bad faith exists where the debtor filed a petition only with the intention to defeat state court litigation"); *In re Powers*, 135 B.R. 980, 992 (Bankr. C.D. Cal. 1991) (bad faith where "The petition was filed on the eve of foreclosure" and "There is no pressure from non-moving creditors."). Courts have thus found bad faith justifying dismissal of a bankruptcy case where the "sole purpose of the plan is to delay and frustrate the efforts of a single secured creditor in the enforcement of his lien rights." *In re Poston*, 78 B.R. 308, 309 (Bankr. N.D. Fla. 1987); *In re Landmark Capital Co.,* 27 B.R. 273, 279 (Bankr. D. Ariz. 1983) (dismissal for bad faith filing where "sole purpose of the filing" of the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4817-1433-3573 v1
06836-0146

- 7 -

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Case: 18-52245    Doc# 80    Filed: 01/17/19    Entered: 01/17/19 15:34:44    Page 7 of 10

bankruptcy proceeding was to frustrate a foreclosure).

53. Now that Trinity holds record title to the subject property, the Plan serves no purpose. No nonpriority general unsecured creditors filed a proof of claim, and the Debtor scheduled nearly no such claims. The Plan is merely litigation by other means, in place solely so that the Debtor can continue to prosecute her fatally flawed adversary complaint and appeal against Trinity. This is a waste of the parties' and the Court's time, and a violation of the "good faith" requirement for confirmation. *See In re Jordan*, 330 B.R. 857, 861 (Bankr. M.D. Ga. 2005) (denying confirmation of a cramdown plan, stating "If the sole purpose of a Chapter 13 plan is to restructure the claims of secured creditors in general, the plan is not serving a legitimate end.") (citation omitted); *see also In re Anderson*, 3 B.R. 160, 162 (Bankr. S.D. Cal. 1980) ("This Court does not agree that the proper sole purpose of a Chapter 13 plan is to rewrite a debtor's contracts with secured creditors."). The Debtor's Plan should not be confirmed on this basis. The Debtor should proceed to state court to prosecute her wrongful foreclosure claims.

## IV. CONCLUSION.

Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed and this case be dismissed.

Dated: January 17, 2019         BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Rafael Garcia
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4817-1433-3573 v1
06836-0146

- 8 -

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Case: 18-52245    Doc# 80    Filed: 01/17/19    Entered: 01/17/19 15:34:44    Page 8 of 10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **1851 East First Street, Suite 1550, Santa Ana, CA 92705-4067**

A true and correct copy of the foregoing document entitled (*specify*): **SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **01/17/19**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Devin Derham-Burk    ctdocs@ch13sj.com
- John G. Downing    john@downinglaw.com, christa@downinglaw.com
- Rafael Ramon Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com
- Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov
- Richard J. Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com
- Robert P. Zahradka    caecf@tblaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **01/17/19**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **Debtor:**<br>**Cecilia P. Mangaoang**<br>2901 Capewood Lane<br>San Jose, CA 95132 | **Judge:**<br>**Honorable M. Elaine Hammond**<br>United States Courthouse<br>Room 3035<br>280 South First Street<br>San Jose, CA 95113-3099 |
|---|---|
| **Interested Party:**<br>The Bureaus, Inc.<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 | |

☐ Service information continued on attached page

///

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4817-1433-3573 v1
06836-0146

- 9 -    OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Case: 18-52245    Doc# 80    Filed: 01/17/19    Entered: 01/17/19 15:34:44    Page 9 of 10

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/17/19 | Bernadette C. Antle | /s/ Bernadette C. Antle |
|----------|---------------------|-------------------------|
| *Date*   | *Printed Name*      | *Signature*             |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4817-1433-3573 v1
06836-0146

- 10 -       OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Case: 18-52245    Doc# 80    Filed: 01/17/19    Entered: 01/17/19 15:34:44    Page 10 of 10